IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD J. VELASQUEZ,

    Plaintiff,

  v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant
_____/

No. C-05-03215 MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART DEFENDANT'S MOTION TO REMAND**

    Plaintiff Richard J. Velasquez ("Velasquez") brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") that Velasquez was not disabled, and thus not entitled to disability benefits, during the period for which he seeks benefits under Title II of the Social Security Act. Before the Court are Velasquez's motion for summary judgment, or in the alternative, remand, filed March 20, 2006, and the Commissioner's motion for remand, filed June 13, 2006. Pursuant to Civil Local Rule 16-5, the motions have been submitted on the papers without oral argument.

**STANDARD OF REVIEW**

    The Commissioner's determination to deny disability benefits will not be disturbed if it is supported by substantial evidence and based on the application of correct legal standards. See Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). Substantial

evidence has been defined as "more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See De la Fuente v. F.D.I.C., 332 F.3d 1208, 1220 (9th Cir. 2003) (internal quotation and citation omitted). The reviewing court must consider the administrative record as a whole and weigh the evidence both supporting and detracting from the ALJ's decision. See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). If the evidence is susceptible to more than one rational interpretation, the reviewing court will uphold the decision of the ALJ. See Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The dispute in this case arises under the final step of the five-step evaluation process used by the Commissioner to determine whether a claimant is disabled; at step five, the Commissioner considers whether the claimant has the residual functional capacity to perform any work that exists in significant numbers in the national economy. See, e.g., McCartey v. Massanari, 298 F.3d 1072, 1074 n.6 (9th Cir. 2002) (citing 20 C.F.R. § 404.1520).

Here, the ALJ found Velasquez "has obesity, congestive heart failure, hypertension and is status post arthroscopic repair of meniscal tear in right knee and that these conditions constitute a 'severe impairment.'" (See Tr. at 14.) According to the ALJ, Velasquez has "the residual functional capacity to perform light work with the following restrictions: he can stand for up to 4 hours and lift 20 pounds occasionally and 10 pounds frequently. He can stoop and squat occasionally and cannot drive because of difficulty in operating [foot] pedals." (See id. at 16.) Thus, the ALJ concluded, Velasquez "cannot perform a full range of light work." (See id. at 17.)

At the hearing, the ALJ called a vocational expert ("VE"), to whom the ALJ presented a hypothetical containing the following limitations: "stand four hours; lifting is 20/10; occasional stooping and squatting; no driving because of difficulty using foot pedals rapidly." (See id. at 306.) The ALJ also noted that Velasquez was almost 50 years old.

(See id. at 307.)[1]  When the ALJ asked the VE whether "there are any jobs [Velasquez] can do locally or nationally with this RFC," (see id. at 307), the VE provided examples of unskilled sedentary positions Velasquez could perform, although he also opined, without further specification, that there are "a very few light jobs" that Velasquez could perform, (see id. at 307-310).  With respect to unskilled sedentary positions, the VE identified the jobs of compact assembler and jewelry preparer, of which the VE testified there are approximately 1700 positions in the local economy and 100,000 positions nationally.  (See id. at 307-309.)

Relying on the VE's testimony, the ALJ concluded that although Velasquez "cannot perform a full range of light work[,] there are still a significant number of other jobs in the national economy that he can perform as the vocational expert testified." (See id. at 17.) Consequently, the ALJ found Velasquez not disabled.  (See id.)

In his motion for summary judgment, Velasquez does not challenge the VE's conclusion that Velasquez is capable of performing sedentary work.  Rather, Velasquez argues the ALJ should have applied Rule 201.14 of the Medical-Vocational Guidelines ("grids") to find him disabled.  Pursuant to Rule 201.14, an individual 50 years of age, who has a maximum sustained work capability limited to sedentary work, a high school education or more, and nontransferable skills, is deemed disabled.  See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1, Rule 201.14.  By contrast, the grids provide that a 49-year-old individual with otherwise identical characteristics is not disabled.  See id., Rule 201.21. The applicable grid rules for light work require a finding of not disabled, regardless of whether the claimant is 49 or 50 years old.  See id., Table No. 2, Rules 202.14 and 202.21. Velasquez argues that because he was nearly 50 years old at the time of the ALJ's decision, he was in a "borderline age situation," (Motion at 1:24); see 20 C.F.R. § 416.963(c) (defining "younger person" as "under age 50"; defining "person closely

---

[1] The hearing was conducted on September 28, 2004.  (See Tr. at 273.)  The ALJ advised the VE that Velasquez would be 50 at "the end of this year."  (See id. at 307.) Additionally, during the ALJ's examination of the VE, counsel for Velasquez pointed out that Velasquez was "right on the cusp of age 50."  (See id. at 309.)

3

1 approaching advanced age" as "age 50-54") and, consequently, that the ALJ was required
2 to, but did not, consider whether to apply the more favorable of the two sedentary rules and
3 find him disabled.

4     Contrary to plaintiff's contention, the ALJ did not "mechanically" apply the grids.
5 (Motion at 2:2-3); see 20 C.F.R. § 416.963 ("We will not apply the age categories
6 mechanically in a borderline situation. If you are within a few days to a few months of
7 reaching an older age category, and using the older age category would result in a
8 determination or decision that you are disabled, we will consider whether to use the older
9 age category after evaluating the overall impact of all the factors of your case.").[2] Indeed,
10 as discussed below, the ALJ did not make a determination under the grids.

11     The grids are used as the sole means of determining disability only "where they
12 completely and accurately represent a claimant's limitations." See Tackett v. Apfel, 180
13 F.3d 1094, 1101 (9th Cir. 1999) (emphasis in original). "In other words, a claimant must be
14 able to perform the full range of jobs in a given category, i.e., sedentary work, light work, or
15 medium work." See id. (emphasis in original); see also Lounsburry v. Barnhart, 468 F.3d
16 1111, 1115 (9th Cir. 2006) (citing Tackett). Where a claimant's limitations fall between two
17 grid rules, however, "a vocational expert must be consulted" and "the ALJ fulfills his
18 obligation to determine the claimant's occupational base by consulting [that] expert
19 regarding whether a person with [the] claimant's profile could perform substantial gainful
20 work in the economy." See, e.g., Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002)
21 (holding where claimant's exertional limitations fell between sedentary and light categories,
22 and applicable rule for sedentary work required finding of disability while applicable rule for
23 light work required finding of nondisability, ALJ properly relied on VE's testimony in finding
24 claimant not disabled where VE testified claimant could perform jobs existing in substantial
25 numbers in national economy); Moore v. Apfel, 216 F.3d 864, 869-70 (9th Cir. 2000)

26

27     [2]The Commissioner argues § 416.93 must be applied in accordance with the Social Security Administration's *Hearings, Appeals, and Litigation Law Manual* (HALLEX)." (Opp.
28 at 4.) HALLEX, however, is "strictly an internal guidance tool" and, as such, "does not carry the force and effect of law." See Moore v. Apfel, 216 F.3d 864, 868 (9th Cir. 2000).

4

1 (same); see also SSR 83-12 ("Where an individual's exertional RFC does not coincide with
2 the definition of any one of the ranges of work as defined in [the grids], the occupational
3 base is affected . . . [and] [w]here the extent of erosion of the occupation base is not clear,
4 the adjudicator will need to consult a vocational resource."); cf. Cooper v. Sullivan, 880
5 F.2d 1152, 1157-58 (9th Cir. 1989) (holding ALJ erred by not applying grids where VE
6 testified claimant could perform either sedentary or light work, and applicable rules for
7 sedentary and light work both required finding of disability).

8       Here, the ALJ's conclusions as to Velasquez's specific limitations place Velasquez
9 between the sedentary and light categories. For example, although sedentary work
10 involves lifting no more than 10 pounds at a time, see 20 C.F.R. § 404.1567(a), the ALJ
11 found Velasquez could lift up to 20 pounds occasionally and 10 pounds frequently, (see Tr.
12 at 17), which meets the lifting requirement for light work. See 20 C.F.R. § 404.1567(b)
13 (defining light work to involve "lifting no more than 20 pounds at a time with frequent lifting
14 or carrying of objects weighing up to 10 pounds"). On the other hand, although "the full
15 range of light work requires standing or walking, off and on, for a total of approximately
16 6 hours of an 8-hour workday," see SSR 83-10, the ALJ found Velasquez was limited to
17 standing for "up to 4 hours," (see Tr. at 17). Thus, the ALJ properly found Velasquez
18 "cannot perform a full range of light work." (See id. at 17.)

19       Moreover, as noted, one of the grid rules potentially applicable to Velasquez
20 requires a finding that he is disabled, while the other potentially applicable rules require a
21 finding that Velasquez is not disabled. Compare Rule 201.14 (requiring finding of disabled)
22 with Rules 201.21, 202.14 and 202.21 (requiring finding of not disabled). Under such
23 circumstances, the ALJ properly consulted a VE to determine whether jobs exist in the
24 national economy for a person with Velasquez's specific limitations. See Thomas, 278
25 F.3d at 960; Moore, 216 F.3d at 869-70.

26       The authorities on which Velasquez relies are not applicable under such
27 circumstances. The regulation cited by Velasquez, 20 C.F.R. § 416.963, and the cases he
28 cites addressing that section, concern disability determinations made exclusively under the

5

1 grids. See, e.g., Daniels v. Apfel, 154 F.3d 1129, 1135 (10th Cir. 1998) (holding, under 20
2 C.F.R. § 404.1563(a),³ that "failing to consider the effect of a borderline situation . . .
3 precludes application of the grids as a basis for finding no disability"); Kane v. Heckler, 776
4 F.2d 1130, 1132-33 (3rd Cir. 1985) (remanding for further consideration where ALJ "applied
5 the grids" to find, without considering § 404.1563(a), no disability); Young v. Barnhart, 287
6 F.Supp. 2d 905, 913 (N.D. Ill. 2003) (remanding "for a borderline age analysis as required
7 in 20 C.F.R. § 416.963" where claimant "would have been found to be disabled under Rule
8 202.04").

9       Here, as discussed, Ninth Circuit authority precluded the ALJ from making a
10 determination based solely upon the grids.  Indeed, even if Velasquez's limitations had not
11 placed him between two grid rules, Ninth Circuit authority would have required him to
12 consult a VE.  See Gonzales v. Secretary of Health & Human Servs., 784 F.2d 1417, 1420
13 (9th Cir. 1986) (holding VE rather than grids "should be used . . . where the claimant's [age]
14 circumstances approach the upper limits of the grid guidelines"); see also Daniels, 154 F.3d
15 at 1136 (disagreeing with Gonzales to extent Ninth Circuit holds borderline age precludes
16 reliance on grids).

17       The ALJ's decision contains a material ambiguity, however.  Although the ALJ
18 correctly noted that the VE identified sedentary jobs that Velasquez can perform, the ALJ
19 also stated that Velasquez is "not disabled since there exist a significant number of light
20 jobs in the national economy which he is still able to perform, as the vocational expert
21 testified."  (See Tr. at 16 (emphasis added).)  It is unclear whether the ALJ made a
22 misstatement and actually intended to state that Velasquez could perform a significant
23 number of sedentary jobs, or whether the ALJ intended to state, in contrast to the testimony
24 of the VE, that Velasquez can perform a significant number of light jobs.  Either statement
25 would be consistent with the ALJ's ultimate conclusion that "[a]lthough [Velasquez] cannot
26 perform a full range of light work[,] there are still a significant number of other jobs in the
27

28       ³The relevant language of § 404.1563(a) and § 416.963 is identical.

6

1 national economy that he can perform." (See id. at 17.)

2 Accordingly, the Court will remand the action to afford the ALJ an opportunity to
3 clarify the basis for his decision. See, e.g., Pinto v. Massanari, 249 F.3d 840, 848 (9th Cir.
4 2001) (remanding action to ALJ for clarification of findings). Additionally, the Court will
5 afford the ALJ an opportunity to clarify the record with respect to the VE's opinion as to the
6 availability of sedentary jobs. Although the VE, during the course of his testimony, was
7 made aware of Velasquez's borderline age and presumably considered it, (see Tr. at 307,
8 309), that circumstance was not formally included in the hypothetical presented to him.
9 Accordingly, the ALJ may further develop the record to ascertain whether the VE did in fact
10 take Velasquez's borderline age into consideration and, if the VE did not, how such factor
11 does or does not affect the VE's opinion. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th
12 Cir. 2004) (holding "[r]emand for further proceedings is appropriate if enhancement of the
13 record would be useful"); see also Bunnell v. Barnhart, 336 F.3d 1112, 1115 (9th Cir. 2003)
14 (holding remand for further proceedings appropriate where "outstanding issues must be
15 resolved before a proper determination can be made").

16 The Court declines, however, to adopt the Commissioner's proposal that the instant
17 action be remanded to afford the ALJ an opportunity to take additional testimony from the
18 VE with respect to whether Velasquez can perform any light jobs that exist in significant
19 numbers in the national economy.[4] The ALJ already has had the opportunity to examine
20 the VE on that issue and failed to follow up on the VE's statement that "there are a very few
21 light jobs that [Velasquez] could mentally keep that would allow him to only walk up to four
22 hours per day[.]" (See Tr. at 310.) Under such circumstances, a remand to allow the ALJ to
23 take additional testimony on that subject "would create an unfair 'heads we win; tails, let's
24 play again' system of disability benefits adjudication." See Benecke, 379 F.3d at 595.

---

[4] For the reasons set forth above, the Court also declines to adopt Velasquez's proposal that the matter be remanded solely for the immediate payment of benefits.

7

**CONCLUSION**

Accordingly, for the reasons stated above, plaintiff's motion for summary judgment is hereby DENIED, and defendant's motion to remand is hereby GRANTED in part. The instant action is hereby REMANDED to the Commissioner for the purposes of (1) clarifying whether the ALJ intended to state that Velazquez can perform a significant number of sedentary jobs rather than a significant number of light jobs, (2) developing the record as set forth above, and (3) amending the ALJ's decision, as necessary, to clarify the basis of his determination that Velasquez is not disabled.

**IT IS SO ORDERED.**

Dated: December 20, 2006

MAXINE M. CHESNEY
United States District Judge

8